UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HOUK,<br><br>            Plaintiff,<br><br>        v.<br><br>S. ALVARADO-TORRES,<br><br>            Defendants. | Case No.  1:23-cv-01540-JLT-SKO<br><br>ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS;<br><br>**Demand Due:       June 12, 2025**<br>**Response to Demand:    June 19, 2025**<br>**Settlement Statements:  June 25, 2025**<br>**Pre-settlement Conference:  July 2, 2025**<br>**10:00 am (Plaintiff) and 11:00 am (Defendants)**<br>**Settlement Conference:  July 8, 2025** |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The Court, having determined that this case will benefit from a settlement conference, referred this case to undersigned for purposes of holding a settlement conference. (Doc. No. 24).

Accordingly, it is hereby **ORDERED** that:

1. The undersigned will hold a settlement conference on **July 8, 2025 at 10:00 a.m.** via video teleconference.  The Zoom settlement conference invitation will be distributed the week prior.[1]  The Court has set aside time for this settlement conference and

---

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Patricia Apodaca, Courtroom Deputy for the Hon. Helena Barch-Kuchta, United States Magistrate Judge, at papodaca@caed.uscourts.gov.

expects the parties to proceed with the settlement conference in good faith to resolve this case in its entirety. If any party believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the settlement conference as possible.

2. Because a settlement conference is more likely to be productive if the parties exchange written settlement proposals prior to the settlement conference, the parties shall engage in <u>informal</u> settlement negotiations as follows:  No later **than June 12, 2025**, Plaintiff shall submit to Defendant's counsel a written itemization of damages and tender a meaningful settlement demand that includes a brief explanation of why the demand is reasonable and appropriate and does not exceed 5 pages. No later **than June 19, 2025,** Defendant's counsel shall respond to Plaintiff's demand by written acceptance or counteroffer that includes a brief explanation of why such response is reasonable and appropriate. On occasion, this process will lead directly to settlement. If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.

3. If settlement is not achieved informally, the parties are directed to submit confidential settlement statements to arrive no later than **June 25, 2025**. Defendant shall email his settlement statement to Judge Barch-Kuchta's chambers at [hbkorders@caed.uscourts.gov.](mailto:hbkorders@caed.uscourts.gov) Plaintiff shall mail his settlement statement to the Attn: Magistrate Judge Helena Barch-Kuchta, U.S. District Court, 2500 Tulare Street, Fresno, CA 93721. The envelope shall be marked "CONFIDENTIAL SETTLEMENT STATEMENT."

4. The statement should not exceed 5 pages and should include:
    a. A brief summary of the facts of the case;
    b. A brief summary of the claims and defenses of the case, i.e., the statutory, constitutional, or other grounds upon which the claims are founded;

    c. A forthright discussion of the strengths and weaknesses of the case and an evaluation of the likelihood of prevailing on the claims or defenses, from the party's perspective, and a description of the major issues in dispute;

    d. An estimate of the expected costs and time to be expended for further discovery, pretrial matters, and trial;

    e. A summary of past settlement discussions, including the informal settlement negotiations required above; a statement of the party's current position on settlement, **including the amount the party would offer and accept to settle** (in specific dollar amounts); and a statement of the party's expectations for settlement discussions;

    f. An estimate of any restitution allocated to Plaintiff, or other financial obligation assigned to Plaintiff, that would affect the parties' settlement discussions; and

    g. If a party intends to discuss the settlement of any other actions or claims not raised in this suit, a brief description of each action or claim, including case number(s), as applicable.

5. The settlement statement should not be filed on the docket nor served on the other party. The Parties instead shall file a "Notice of Submission of Confidential Settlement Conference Statement" (*see* Local Rule 270(d)). In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively for the undersigned to prepare for and conduct the settlement conference. They will not become part of the case file and will be shred thereafter under Local Rule 270(e).

6. Judge Barch-Kuchta will hold a short, pre-settlement conference telephone discussion on **July 2, 2025, at 10:00 a.m. (for Plaintiff) and 11:00 a.m. (for Defendants).** The Parties shall call in on the above-scheduled date and time by using the Court's Teleconference Line: 1-669-254-5252; Meeting I.D. 160-644-7139; Passcode is 646053.

////

7. Unless otherwise permitted in advance by the court, the following individuals must attend the settlement conference in person: all the attorney(s) or pro se litigant who will try the case. Any individual with full authority to negotiate and settle the case on any terms must be available by telephone or email.  *See* Local Rule 270(f).

8. The Clerk of the Court is directed to serve a courtesy copy of this Order via email on the Litigation Coordinator at Plaintiff's current facility.

Dated:    June 5, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE