UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HOUK,<br><br>          Plaintiff,<br><br>     v.<br><br>BRYAN D. PHILLIPS, et al.,<br><br>          Defendants. | Case No.: 1:23-cv-01540-JLT-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND / OR APPOINT AN EXPERT**<br><br>(Doc. 36) |

Plaintiff Stephen Houk is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. (*See* Docs. 1, 4.)

## I.     INTRODUCTION

Plaintiff filed his original complaint on October 31, 2023. (Doc. 1.) The Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case that same day. (Doc. 3.) On February 13, 2024, the Court issued its First Screening Order, (Doc. 6), and after Plaintiff amended his complaint, (Doc. 7), the Court issued a Second Screening Order, (Doc. 8), on which Plaintiff elected to stand, (Doc. 9).

The undersigned then issued Findings and Recommendations, recommending dismissal of all but Plaintiff's Eighth Amendment claim for failure to protect against Defendant S. Alvarado-Torres ("Defendant"). (Doc. 11.) As to that claim, because the undersigned had found that Plaintiff had plausibly alleged that Defendant "failed to protect Plaintiff by "forc[ing] him to perform a work

1  assignment in an area infected with black mold that worsened his chronic medical conditions," (Doc. 8 at 6; *see also* Doc. 7 at 6–9), the undersigned recommended Plaintiff be allowed to proceed on that claim (Doc. 11 at 2). On December 13, 2024, the District Court adopted the Findings and Recommendations. (Doc. 12.) On March 24, 2025, Defendant filed an answer. (Doc. 18.)

On August 1, 2025, Plaintiff filed a "Motion for Court to Request Counsel to Represent Plaintiff or, in the Alternative, Appoint a Neutral Expert Witness." (Doc. 36.) Defendant S. Alvarado-Torres, the single remaining defendant, did not respond to the motion. (*See generally* Docket.)

## II. DISCUSSION

### A. Legal Standards Concerning the Appointment of Counsel

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* at 1525 (internal quotation marks & citations omitted).

### B. Legal Standards Governing Appointment of Expert Under Rule 706

Rule 706 of the Federal Rules of Evidence authorizes the court to appoint an independent expert. Such an appointment is within the discretion of the trial judge and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." *See Torbert v. Gore*, No. 14cv2911 BEN (NLS), 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (citation omitted); *see also Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex

2

scientific, medical, or technical matters."). Experts appointed under this rule are typically used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); *Woodroffe v. Oregon*, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); *In re Joint E. & S. Districts Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.)

An expert appointed pursuant to Rule 706 does not serve as an advocate for either party, and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); *Faletogo v. Moya*, 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."). And where a party seeks to call its own expert, even pro se litigants ordinarily "must bear the costs [associated with] expert expenses." *Stakey*, 2011 WL 887563, at *3 n.1.

Courts have been clear that Rule 706 does not allow a judge to "appoint an expert on behalf of an indigent civil party." *Woodroffe*, 2014 WL 1383400, at *5; *see also Gorton v. Todd*, 793 F. Supp. 2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference.) Indeed "[t]he *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants." *Stakey v. Stander*, No. 1:09–CV–00094–BLW, 2011 WL 887563, at *3 n.1 (D. Idaho Mar. 10, 2011); *see also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses.").

3

**C.     Analysis**

    1.    <u>The Court Will Deny Plaintiff's Motion to Appoint Counsel</u>

The Court must first evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. While Plaintiff's complaint has been screened and Defendant has answered the operative complaint, (Doc. 18), a determination of the likelihood of Plaintiff's success on the merits of his Eighth Amendment failure to protect claim against Defendant is nonetheless premature. A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court determines whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening. *See Porter v. Rivas*, No. 1:33-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023); *see also Serrano v. Rudas*, No. 1:22-cv-00950-KES-CDB, 2024 WL 4190106, at *1 (E.D. Cal. Sept. 13, 2024) ("A merits-based determination largely is premature as discovery is ongoing in this action, particularly given Plaintiff's failure to argue he is likely to prevail on his claims").

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff able to articulate his claims in light of their complexity. As noted above, Plaintiff's complaint asserts a plausible Eighth Amendment failure to protect claim. Such claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *see also Arroy v. Jeffries*, No. 23-1129, 2023 WL 3010154, at *4 (C.D. Ill. Apr. 19, 2023) (denying motion for appointment of counsel and finding "Plaintiff's failure to protect claim is not complex").

Plaintiff states he "has minimal education," "nominal" literacy, "struggles with significant physical and mental health issues," and is "incompetent to litigate his claims in this complex, technical, scientific and medical case." (Doc. 36 at 10.) As to Plaintiff's argument regarding the complexity of the case, the Court is not convinced as "Plaintiff has demonstrated he is capable of describing his efforts to warn Defendonts about the threat to his safety and the responses received."

4

*See id.* And as to his lack of education, limited literacy, and struggles with physical and mental health issues, the Court finds that similar circumstances exist for many prisoners and courts have routinely held that they do not present exceptional circumstances warranting the appointment of counsel. *See, e.g.*, *Faultry v. Saechao*, No. 2:18-cv-1850 KJM AC P, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *Montano v. Solomon*, No. 2:07-CV-0800 KJN P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying indigent plaintiff's motion for appointment of counsel as failing to present an exceptional circumstance where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case . . . as well as the matters now before the court"). Moreover, Plaintiff is advised that neither indigency nor incarceration qualify as exceptional circumstances warranting the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel"); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise

warrant the appointment of counsel").

Plaintiff is further advised that the fact an attorney may be better able to perform research, investigate, and represent a plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO-PC, 2015 WL 2409281, at *1 (E.D. Cal. May 19, 2015) ("this case does not present 'exceptional circumstances' supporting a need for appointment of counsel to represent Plaintiff, either generally or with respect to the evidentiary hearing"); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Finally, while the Court appreciates Plaintiff's efforts to secure counsel, (*see* Doc. 36 at 6), the inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *Howard v. Hedgpeth*, No. 1:08-cv-00859-RTB-PCL, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel—the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

    2.    <u>The Court Will Deny Plaintiff's Motion to Appoint an Expert Under Rule 706</u>

The Court next turns to Plaintiff's request that the Court appoint an expert under Rule 706.

The Court finds that even if Plaintiff truly seeks only a neutral expert rather than an expert appointed for his benefit, appointment of a neutral expert is not warranted at this early stage of the litigation. On July 10, 2025, the Court issued a scheduling order. (Doc. 35). No dispositive motions been filed. (*See generally* Docket). At this stage of the litigation, the undersigned cannot determine whether appointment of an expert is required to advise the court on complex scientific, medical or technical matters.[1]

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that Plaintiff's Motion for Court to Request Counsel to Represent Plaintiff or, in the Alternative, Appoint a Neutral Expert Witness, (Doc. 36), is **DENIED**.

IT IS SO ORDERED.

Dated:   **November 25, 2025**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The court may still appoint an expert witness if trial issues of sufficient complexity arise at a later stage of the litigation. *See Carroll v. Yates*, No. 1:10–cv–00623–SKO PC, 2012 WL 1868036, at *1 (E.D. Cal. May 22, 2012) (denying motion for court-appointed expert as premature).

7