UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HOUK,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN D. PHILLIPS, Warden, et al.,<br><br>Defendants. | Case No.: 1:23-cv-01540-JLT-SKO (PC)<br><br>**ORDER VACATING DISCOVERY AND SCHEDULING ORDER**<br><br>**ORDER STAYING ACTION PENDING RESOLUTION OF PENDING MOTION** |

Plaintiff Stephen Houk is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.    BACKGROUND

On July 10, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 35.) The deadline for the completion of discovery, including the filing of motions to compel, was set for December 10, 2025, and the deadline for filing dispositive motions was set for February 9, 2026. (*Id*. at 1, 3.)

On November 24, 2025, Plaintiff filed a timely motion to compel. (Doc. 38.) Defendant opposed (Doc. 40), and Plaintiff replied (Doc. 41).

## II.    DISCUSSION

"District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. County of Orange*, 672 F.3d 606,

616 (9th Cir. 2012) (quotation marks & citation omitted). Here, Plaintiff's motion to compel is ripe for determination; however, the undersigned carries a heavy caseload and a decision on the pending discovery motion will not issue before the current dispositive motion deadline of February 9, 2026. Therefore, the Court will vacate the scheduling order and will reset the dispositive motion deadline following resolution of the motion.

Moreover, the "power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). And courts have the power to consider stays *sua sponte*. *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017).

In considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc.*, 300 F.2d at 268.

### *The Risk of Possible Damage*

Here, there is no possible damage that might result from granting a stay of this action. Discovery has concluded[1] and the matter has not been set for trial. The stay considered by the Court is not indefinite. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) ("Generally, stays should not be indefinite in nature"). It is a temporary stay that will not cause any unnecessary delay in the resolution of the case. Therefore, this factor weighs in favor of a stay.

### *The Possibility Hardship or Inequity*

There is little possibility of hardship or inequity that may be suffered by any party by

---

[1] If Plaintiff's motion to compel requires additional discovery, the Court will address that matter should it arise.

issuance of a stay. Plaintiff's discovery motion is pending resolution by the Court. This temporary stay will help ensure that the motion is resolved before any additional action can be taken by the parties. The Court finds this factor weighs in favor of a stay.

### *The Orderly Course of Justice*

The Court finds this final factor also weighs in favor of a stay. The undersigned is currently facing a significant backlog of pretrial motions. The Court finds a stay of this action will promote judicial economy as it will temporarily limit the filing of additional motions while the Court addresses the motion previously filed by Plaintiff. Finally, the Court finds a stay of these proceedings would not complicate the issues, proof, or any applicable questions of law.

In sum, the Court finds a temporary stay of this proceeding is warranted. *Landis*, 299 U.S. at 254; *CMAX, Inc.*, 300 F.2d at 268; *Ali*, 241 F. Supp. 3d at 1152; *see also, e.g.*, *Tate v. Nakashyan*, No. 1:22-cv-00624-SKO (PC), 2025 90063 at *1 (E.D. Cal. Jan. 14, 2025) (imposing *sua sponte* stay pending resolution of pending motions); *Hart v. Weyrich*, No. 2:23-cv-884, 2023 WL 5015616, at *1-2 (W.D. Wash. Aug. 7, 2023) (imposing *sua sponte* stay to allow court to address pending motions); *Hill v. Payne*, No. 6:21-cv-6029, 2022 WL 22017673, at *3 (W.D. Ark. Feb. 18, 2022) (finding temporary restriction of motion filing reasonable in light of court resources).

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. The Discovery and Scheduling Order issued July 10, 2025 (Doc. 35) is **VACATED**. The relevant deadlines will be reset following resolution of the pending discovery motion; and

2. This action is **STAYED** pending the Court's issuance of a ruling on Plaintiff's motion to compel.

IT IS SO ORDERED.

Dated:   **January 28, 2026**                    /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE

3

4