UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HOUK,<br><br>              Plaintiff,<br><br>       v.<br><br>S. ALVARADO-TORRES,<br><br>              Defendants. | Case No.: 1:23-cv-01540-JLT-EGC (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS; ORDER LIFTING TEMPORARY STAY; AND ORDER SETTING PRE-TRIAL DISPOSITIVE MOTION FILING DEADLINE**<br><br>(Doc. 38) |

Plaintiff Stephen Houk is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      INTRODUCTION

On November 24, 2025, Plaintiff filed a motion to compel further responses to Plaintiff's First Set of Requests for Admission, First Set of Requests for Production, and First Set of Interrogatories propounded on Defendant S. Alvarado-Torres. (Doc. 38.) On December 15, 2025, Defendant filed his opposition to the motion. (Doc. 40.) Plaintiff subsequently filed his reply on December 31, 2025. (Doc. 41.)

## II.      LEGAL STANDARD

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.

37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, No. 1:13-cv-01808-MJS (PC), 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in the party's "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the

2

legal right to obtain the property on demand.").

### III.    DISCUSSION

Preliminarily, and as Defendant notes, Plaintiff moves to compel further responses to every Request for Admission, Request for Production, and Interrogatory. (Docs. 38 & 40.) Plaintiff did not specify which requests for production he is disputing. Plaintiff's motion is subject to denial on this basis alone. *See Ellis*, 2008 WL 860523, at *4. Nevertheless, based on the parties' meet and confer, Plaintiff's arguments referencing certain discovery requests (specifically, Request for Admission No. 4, Requests for Production Nos. 17-21, 24, and 25, and Interrogatories Nos. 1-9), and Defendant's opposition addressing such requests, the Court will consider these requests in turn. Accordingly, the motion is DENIED as to any request not specifically addressed below.

### A.  Requests for Admission (RFAs)

RFA No. 4:

[I]n regards to #3, above, when Plaintiff informed DEFENDANT that exposure to black mold in the 3A Yard dining hall/kitchen would put him in serious and grievous harm due to his asthma and Chronic Obstructive Pulmonary Disease (COPD) conditions, DEFENDANT responded with the words of: I don't want to hear it, I told you, report to work or I will write you up as a program failure and take away your good time.

Response to RFA No. 4:

Defendant objects to this request on the grounds it is vague and ambiguous as to the terms "in regards to #3 above" causing Defendant to speculate as to meaning, and it is vague and overbroad as to the applicable time period because no time period is identified. Defendant further objects to this request as argumentative, as it assumes facts and Defendant makes no admissions regarding Plaintiff's medical conditions. Subject to and without waiving the foregoing objections, and interpreting the request to refer to October 6, 2022, Defendant responds as follows:

Deny.

Ruling on RFA No. 4:

Rule 36 of the Federal Rules of Civil Procedure requires that "each matter must be separately stated." Fed. R. Civ. P. 36(a)(2). RFA No. 4 was not separately stated but instead

referred to "#3 above." Nonetheless, Defendant asserted objections and responded to RFA No. 4. Further, Plaintiff claims that Defendant's response created confusion in the discovery process by objecting and then providing a nonresponsive response. The Court does not find this argument persuasive because Defendant has provided a response to the RFA.

Accordingly, Plaintif's motion to compel a further response to RFA No. 4 is DENIED.

**B.  Requests for Production (RFPs) Nos. 17-21, 24, and 25**

RFP 17

[A]ll DOCUMENTS test results, by CDCR and/or outside laboratories, of black mold samples collected from the 3A Yard dining hall/kitchen.

Response to RFP 17

Defendant objects to this Request on the grounds it is vague and ambiguous as to the applicable time period because no time period is identified, it impermissibly seeks documents from third parties, it assumes facts not in evidence, and it seeks documents not in Defendant's custody or control.

Subject to and without waiving the foregoing objections, Defendant responds as follows:

After a reasonable search and inquiry, Defendant will provide Plaintiff's medical records indicating a negative aspergillus test result dated August 22, 2024. (**CDCR0006**). Due to safety concerns and confidentiality reasons, some items may be redacted.

Ruling on RFP 17

Plaintiff argues that Defendant has no basis to oppose the discovery request because the information sought is relevant to the claims in this action, even if the request seeks information pertaining to, or from, third-parties. Despite Defendant's objections, Defendant conducted a search for documents and produced the only responsive document located.

Accordingly, Plaintif's motion to compel a further response to RFP No. 17 is DENIED.

RFP 18

[A]ll DOCUMENTS by then-Education Department Computer Literacy Teacher Ms. Green addressing and/or concerning black mold.

///

Response to RFP 18

Defendant objects to this Request on the grounds it is vague and ambiguous as to the applicable time period because no time period is identified, it is vague and overbroad because it is not relevant to any claim or defense, it impermissibly seeks documents from a third party, and it assumes facts not in evidence.

Accordingly, no response will be provided.

Ruling on RFP 18

Plaintiff asserts the same arguments for RFP No. 18. In his reply, Plaintiff argues that Green experienced mold in her classroom and was involved in investigations and ligation related to mold. However, Plaintiff fails to address how the information sought is relevant to his claims against Defendant and is proportional to the needs of the case. Further, setting aside Plaintiff's relevance burden, the information Plaintiff seeks would be more appropriately sought from the non-party, rather than Defendant.

Accordingly, Plaintif's motion to compel a further response to RFP No. 18 is DENIED.

RFP 19

[A]ll DOCUMENTS by then-Correctional Officer, Ms. Pina addressing/concerning black mold.

Response to RFP 19

Defendant objects to this Request on the grounds it is vague and ambiguous as to the applicable time period because no time period is identified, it is vague and overbroad because it is not relevant to any claim or defense, it impermissibly seeks documents from a third party, and it assumes facts not in evidence.

Accordingly, no response will be provided.

Ruling on RFP 19

Plaintiff asserts similar arguments here as the prior request. The Court is likewise not convinced that a further response from Defendant is warranted.

Accordingly, Plaintif's motion to compel a further response to RFP No. 19 is DENIED.

///

RFP 20

[A]ll DOCUMENTS by-then Correctional Officer Ms. Leal addressing/concerning black mold.

Response to RFP 20

Defendant objects to this Request on the grounds it is vague and ambiguous as to the applicable time period because no time period is identified, it is vague and overbroad because it is not relevant to any claim or defense, it impermissibly seeks documents from a third party, and it assumes facts not in evidence.

Accordingly, no response will be provided.

Ruling on RFP 20

Plaintiff asserts similar arguments here as the prior request. The Court is likewise not convinced that a further response from Defendant is warranted.

Accordingly, Plaintif's motion to compel a further response to RFP No. 20 is DENIED.

RFP 21

[A]ll DOCUMENTS by-then day shift Cook Supervisor-Facilitator Mr. Noal (sp.) addressing/concerning black mold.

Response to RFP 21

Defendant objects to this Request on the grounds it is vague and ambiguous as to the applicable time period because no time period is identified, it is vague and overbroad because it is not relevant to any claim or defense, it impermissibly seeks documents from a third party, and it assumes facts not in evidence.

Accordingly, no response will be provided.

Ruling on RFP 21

Plaintiff asserts similar arguments here as the prior request. The Court is likewise not convinced that a further response from Defendant is warranted.

Accordingly, Plaintif's motion to compel a further response to RFP No. 21 is DENIED.

RFP 24

[A]ll DOCUMENTS identifying (full name, badge number job title, position, and current

6

address) then-Correctional Officer Ms. Leal, then-day shift Cook Supervisor-Facilitator Mr. Nolan (sp.), then-Education Department Computer Literacy Teacher Ms. Green, and then-Correctional Officer Ms. Pina; and.

Response to RFP 24

Defendant objects to this Request on the grounds it is compound, it is vague and ambiguous as to the applicable time period because no time period is identified, it is unduly burdensome and not proportional to the needs of the case, it impermissibly seeks information from third parties, and to the extent it seeks personally identifying information of CDCR employees, it may seek documents that may be protected by California Code of Regulations, Title 15, § 3321 (Confidential Material) and Defendant's common law right to privacy, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and incarcerated persons.

Accordingly, no response will be provided.

Ruling on RFP 24

Plaintiff asserts the same arguments as in prior requests. In his reply, Plaintiff argues that the listed individuals possess relevant information to his claims and that such documents would provide Plaintiff with needed contact information for issuing subpoenas. However, setting aside that the request is compound, Plaintiff fails to explain how this request is proportional to the needs of the case, as it seeks all records related to three individuals who are not party to the lawsuit, who were not present for the alleged incident, and who are not involved in Plaintiff's claim against Defendant.

Accordingly, Plaintif's motion to compel a further response to RFP No. 24 is DENIED.

RFP 25

[I]dentifying (full name, and current address) inmates/prisoners Peter Zamora (CDCR Identification # AT-7268), and Ramon Rabago (CDCR Identification # BA-5980).

Response to RFP 25

Defendant objects to this Request on the grounds it is compound, it is vague and ambiguous as to the applicable time period because no time period is identified, it is unduly burdensome and not proportional to the needs of the case, it impermissibly seeks information from third parties,

7

and to the extent it seeks personally identifying information of CDCR incarcerated persons, it may seek documents that may be protected by California Code of Regulations, Title 15, § 3321 (Confidential Material) and the common law right to privacy, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and incarcerated persons.

Accordingly, no response will be provided.

Ruling on RFP 25

Plaintiff asserts similar arguments here as in prior requests. In his reply, Plaintiff argues that Zamora suffered from similar mold conditions and has knowledge of relevant evidence. Plaintiff makes no argument with relation to Rabago. Nonetheless, setting aside that the request is compound, Plaintiff fails to explain how this request is proportional to the needs of the case, as the Court construes the request to seek all records related to two incarcerated individuals who are not party to the lawsuit, who were not present for the alleged incident, and who are not involved in Plaintiff's claim against Defendant.

Accordingly, Plaintif's motion to compel a further response to RFP No. 25 is DENIED.

**C. Interrogatories Nos. 1-9**

Each of Plaintiff's first nine interrogatories correspond to Plaintiff's first nine RFAs, requesting Defendant to provide, in the event Defendant denies the RFA: (1) an explanation and reasons for denial; (2) authority relied upon for the denial; (3) facts Defendant contends are relevant to the denial; and (4) the identities of every person Defendant contends are relevant to the denial.

Federal Rule of Civil Procedure 33 limits a party to "no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). In his responses, Defendant separated each subpart into individual interrogatories and proceeded to respond to each subpart accordingly, despite the resulting total number of interrogatories exceeding the statutory limit. Without identifying any specific instances, Plaintiff contends Defendant's separation was an effort to mislead the court, and Plaintiff should be permitted some imprecision in his discovery requests. The Court does not find that Defendant misstated any of the subparts, or that Defendant's separation of the subparts resulted in responses that would have been otherwise deficient to the interrogatories as originally stated.

Accordingly, Plaintif's motion to compel further responses to Interrogatories Nos. 1-9 is DENIED.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the Court HEREBY ORDERS that:

1. Plaintiff's motion to compel (Doc. 38) is **DENIED** in its entirety;

2. The previously imposed stay (Doc. 42) is **LIFTED**; and,

3. The deadline for filing pre-trial dispositive motions is **October 6, 2026**.

IT IS SO ORDERED.

Dated:   **July 7, 2026**                          _____

UNITED STATES MAGISTRATE JUDGE