UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEPHEN HOUK,

Plaintiff,

v.

BRYAN D. PHILLIPS, Warden, et al.,

Defendants.

Case No.: 1:23-cv-01540-JLT-EGC (PC)

**ORDER GRANTING DEFENDANT'S EX PARTE MOTION TO EXTEND THE DISPOSITIVE MOTION FILING DEADLINE**

(Doc. 47)

Plaintiff Stephen Houk is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I. RELEVANT BACKGROUND**

On July 8, 2026, the Court issued its Order Denying Plaintiff's Motion to Compel Further Responses to Plaintiff's Discovery Requests; Order Lifting Temporary Stay; and Order Setting Pre-Trial Dispositive Motion Filing Deadline. (Doc. 45.) Relevant here, the Court set the deadline for filing pre-trial dispositive motions for October 6, 2026. (*Id*. at 9.)

On July 20, 2026, Defendant filed a Notice of Appearance and Change in Designation of Counsel for Service, indicating Deputy Attorney General Alexander Drew had been assigned to this action in place of the formerly assigned deputy attorney general. (Doc. 46.)

On September 29, 2026, Defendant filed Defendant's First Ex Parte Motion to Modify Order to Extend Time to File a Pretrial Dispositive Motion. (Doc. 47.)

## II. DISCUSSION

Defendant seeks a 28-day extension of the dispositive motion filing deadline. Counsel for Defendant declares that since his assignment to this action, he has acted diligently by reviewing and analyzing the case file and documents. Mr. Drew further declares he recently became aware of a witness who may have information relevant to Defendant's summary judgment motion and indicates he is in the process of scheduling an interview with the witness. However, counsel declares, it is unlikely the interview can be conducted and a declaration obtained before the relevant deadline expires. Additionally, counsel details deadlines in other cases assigned to him and declares competing deadlines affect his ability to meet the deadline imposed in this action.

District courts have broad discretion to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Additionally, the district court has broad discretion to control its docket, including ruling on requests for extensions of time. *See Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)).

Good cause appearing, Defendant's request for an extension of the dispositive motion filing deadline will be granted.

## III. CONCLUSION AND ORDER

Accordingly, for good cause shown, the Court **HEREBY ORDERS** that:

1. Defendant's request for an extension of time (Doc. 47) is **GRANTED**; and
2. The deadline for filing a pretrial dispositive motion is **EXTENDED** from October 6, 2026 **to November 3, 2026**.

IT IS SO ORDERED.

Dated: **September 30, 2026**

Erin Sky Castillo
UNITED STATES MAGISTRATE JUDGE